NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANGEL R. TIRADO,

                    Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY

                 Defendant.

Civil Action No. 2:10-cv-1165 (SDW)

**OPINION**

February 10, 2011

**Wigenton, District Judge**

      Before the Court is Angel R. Tirado's appeal of the administrative decision of the Commissioner of the Social Security Administration ("Commissioner"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper under 28 U.S.C. § 1391(b). For the reasons stated herein, this Court dismisses Plaintiff's appeal.

**PROCEDURAL AND FACTUAL HISTORY**

      On June 6, 2005, Plaintiff filed an application for "Period of Disability/Disability Insurance Benefits," ("DIB") and "Supplemental Security Income" ("SSI") under Titles II and XVI, respectively, of the Social Security Act (the "Act"). The claims were denied on September 9, 2005. Social Security Administration records indicate that an appeal for reconsideration of the Plaintiff's DIB claim was received on November 15, 2005. On December 17, 2008, the Administrative Law Judge ("ALJ") ordered the dismissal of the request for a hearing. The ALJ stated, "[t]here was no indication in the record that a reconsideration determination had been

made on the Title XVI portion of this case." Only an initial denial of the case was made on

September 9, 2005. Accordingly, Plaintiff only had a right to a hearing on the Title II claim.

The record indicates that Plaintiff agreed to a remand of both claims. On December 17, 2008,

the ALJ dismissed not only the request for a hearing about his SSI claim under Title XVI but

also the DIB claim under Title II. Subsequently, the Social Security Administration issued a

letter stating that based on a conversation with Plaintiff on December 1, 2009, an informal

decision was made determining that he was ineligible for SSI since he told them that he did not

want to file for SSI. Therefore, Plaintiff filed a request for review of the ALJ's dismissal with

the Appeals Council. The Appeals Council issued an order on February 4, 2010, stating that the

DIB claim was still before the ALJ and reiterating that Plaintiff had indicated his intent to drop

his SSI claim. A letter dated February 12, 2010, indicated an ALJ hearing pending at that time.

Plaintiff filed a complaint with this Court on March 4, 2010.

**DISCUSSION**

"Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475

(1994). "[T]he terms of the [United States'] consent to be sued in any court define that

court's jurisdiction to entertain the suit." *Id*. (quoting *United States v. Sherwood*, 312

U.S. 584, 586 (1941)). [T]he United States, when it creates rights in individuals against

itself, is under no obligation to provide a remedy through the courts." *United States v.*

*Babcock*, 250 U.S. 328, 331 (1919). To that end, "where a statute creates a right and

provides a special remedy, that remedy is exclusive." *Id.*

Judicial review of Title II and Title XVI claims are granted to this Court under Sections 205(g) and 205(h) of the Act, 42 U.S.C. §§ 405(g) and (h), as applied under 42 U.S.C. § 1383(c)(3).  Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

> [42 U.S.C. § 405(g).]

Further, the Act provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 and 1346 of Title 28, United States Code, to recover any claim arising under this subchapter.

> [42 U.S.C. § 405(h).]

Sections 405(g) and 405(h) provide the Social Security Administration with an opportunity to correct its own wrongs without interference by the courts.  *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); see also *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Exclusive jurisdictional basis for judicial review reduces redundant litigation and increases efficiency in social security determinations.  *Califano v. Sanders*, 430 U.S. at 108.  Thus, this Court has jurisdiction only over those claims in which the Commissioner has rendered a final decision.

The Act and its accompanying regulations require a claimant to exhaust his administrative remedies, as enumerated in a four-step administrative process, before he may request judicial review by a district court.  In step one, the claimant has an

opportunity to apply for reconsideration of an unfavorable determination.  20 C.F.R. §§ 404.907(a)(2) and 416.1407.  In step two, the claimant can request an ALJ hearing to review the unfavorable reconsidered decision.  20 C.F.R. §§ 404.929 and 416.1429.  In step three, the claimant may apply to the Appeals Council and request a review of the ALJ's decision.  20 C.F.R. §§ 404.967 and 416.1467.  At this step, the Appeals Council may deny the claimant's request for review and uphold the ALJ's decision; or, the Appeals Council may grant the request for review and render its own decision.  20 C.F.R. §§ 404.981 and 416.1481.  At step four, the claimant may file a complaint with a district court to seek judicial review of the Appeals Council's action.  *Id.*; *see also* 20 C.F.R. § 422.210.  This court may exercise its jurisdiction only after the claimant receives a final decision from the Appeals Council.

Certainly, the "final decision" by the Appeals Council is the essential element in a judicially reviewable case because Section 405(g) "limits judicial review" to a "final decision of the [Commissioner] made after a hearing."  *Califano v. Sanders*, 430 U.S. at 108; see also *Heckler v. Ringer,* 466 U.S. 602, 605-606 (1984).  Reviewing step three of the four-step administrative process, a "final decision" exists if the plaintiff received a decision from the Appeals Council either denying his request for review of the ALJ's decision, or making a determination after granting review of the claimant's appeal.  20 C.F.R. §§ 404.981, 416.1481 and 422.210.  Absent a "final decision," the district court lacks jurisdiction to review the Commissioner's decision.  *Id.*

While the Act does not expressly define a "final decision," the Supreme Court has stated in dicta that the Commissioner construes the meaning of a "final decision" according to the regulations.  *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975) (citing 42

U.S.C. § 405(a)).  In keeping with the Commissioner's interpretation, Plaintiff's notice does not constitute a final decision.  20 C.F.R. §§ 404.902 and 416.1402.  In this case, the Commissioner did not reach a final decision on the merits of Plaintiff's DIB claim or SSI claim.  Plaintiff willingly abandoned his SSI claim and his DIB claim was still pending review at the time Plaintiff filed a complaint with this Court.  Both the ALJ's and the Appeals Council's decisions indicate that Plaintiff had not exhausted his administrative remedies.  Therefore, Plaintiff did not exhaust the administrative remedies before filing a complaint in this District Court.  Without a final decision by the Commissioner, this Court does not have jurisdiction to review a matter that is within the exclusive jurisdiction of the Commissioner.  For these reasons, we dismiss Plaintiff's claim for lack of subject matter jurisdiction.

**CONCLUSION**

For the reasons stated above, this Court dismisses Plaintiff's claims and all pending motions including the Motion to Remand.

s/Susan D. Wigenton, U.S.D.J.


Orig:          Clerk
Cc:            Parties